# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LAWRENCE A. HOWEN, et al.,<br><br>Defendants. | Case No. 1:21-cv-00106-DAD-SAB<br><br>ORDER ENTERING STIPULATED PROTECTIVE ORDER<br><br>(ECF No. 14) |

## STIPULATED PROTECTIVE ORDER

To expedite the flow of discovery material between the parties, facilitate the prompt resolution of disputes over confidentiality, adequately protect individually identifiable health information entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, the United States and Defendants stipulate pursuant to Federal Rule of Civil Procedure 26(c), as follows:

### I.     PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential health information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to, and respectfully request that the Court enter, the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled

to confidential treatment under the applicable legal principles. Accordingly, good cause exists for a protective order over confidential health information in this matter

The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal. Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## II.   DESIGNATING PROTECTED MATERIAL

1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

2. <u>Manner of Designations</u>. Information may be designated as "confidential" if it meets the definition of protected health information set forth in 45 C.F.R. § 160.103. To designate confidential material covered by this Protective Order, the Designating Party shall so designate, on the material itself, by using the following designation: "CONFIDENTIAL HEALTH INFORMATION- SUBJECT TO PROTECTIVE ORDER." If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.

3. <u>Challenging Designations</u>. Any party may challenge a designation of confidentiality. The challenging party shall initiate the dispute resolution process under Local Rule 251(b). Any discovery motion must comply with the procedures set forth in Local Rule 251. The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

### III.  USE OF PROTECTED MATERIAL

Unless otherwise stated below, ordered by the Court, or permitted in writing by the Designating Party, a Receiving Party may use any information or item designated confidential only in connection with this litigation.

1. <u>Disclosure to Agencies or Departments of the United States.</u>  Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to disclose to any agency or department of the United States, or any division of any such agency or department, designated confidential documents relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Protective Order prevent or in any way limit or impair the use of any such designated confidential documents by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction.

2. <u>Disclosure to Congress.</u>  Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to provide designated confidential documents to a Congressional entity; provided, however, that the United States shall notify the Congressional entity requesting the documents that the designated confidential documents have been produced pursuant to this Protective Order.

### IV.  TERMINATION

Once a case proceeds to trial, all of the court-filed information to be introduced that was previously designated as confidential or maintained pursuant to this protective order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006).  Accordingly, the terms of this Protective Order do not extend beyond the commencement of the trial.

### V.  MISCELLANEOUS

1. <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

2. <u>Right to Assert Other Objections.</u>  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

3. <u>Filing Protected Material under Seal.</u> Protected material may only be filed under seal pursuant to a court order as set forth in Local Rule 141.

It is so stipulated.

Dated:  June 11, 2021                           Respectfully submitted,

                                                PHILLIP A. TALBERT
                                                United States Attorney

                                    By:   /s/   *Steven S. Tennyson*
                                                STEVEN S. TENNYSON
                                                Assistant United States Attorney


Dated:  June 15, 2021                           CARLE, MACKIE, POWER & ROSS LLP


                                    By:   /s/ Justin D. Hein (as auth. 6/15/2021)
                                                Philip J. Terry
                                                Justin D. Hein
                                                Attorneys for Defendants
                                                LAWRENCE A. HOWEN AND
                                                NOR-CAL PHARMACIES, INC. D/B/A
                                                LOCKEFORD DRUG

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**COURT ORDER ENTERING STIPULATED PROTECTIVE ORDER**

Pursuant to the stipulation of the parties, IT IS HEREBY ORDERED that:

1. The above stipulated protective order is entered;

2. The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents which are to be filed under seal will require a written request which complies with Local Rule 141;

3. The party making a request to file documents under seal shall be required to show good cause for documents attached to a nondispositive motion or compelling reasons for documents attached to a dispositive motion, Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2009); and

4. If a party's request to file Protected Material under seal is denied by the Court, then the previously filed material shall be immediately accepted by the court and become information in the public record and the information will be deemed filed as of the date that the request to file the Protected Information under seal was made.

IT IS SO ORDERED.

Dated: __June 17, 2021__

UNITED STATES MAGISTRATE JUDGE