UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LAWRENCE A. HOWEN, et al.,<br><br>Defendants. | No. 1:21-cv-00106-ADA-SAB<br><br>ORDER GRANTING STIPULATION FOR ENTRY OF PERMANENT INJUNCTION<br><br>(ECF No. 62) |

On January 26, 2021, Plaintiff United States of America initiated this civil enforcement action for monetary penalties and injunctive relief against Defendants Lawrence A. Howen and Nor-Cal Pharmacies, Inc. dba Lockeford Drug – a pharmacist and his pharmacy – for violations of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. §§ 801, et seq. (ECF No. 1.) Following a settlement conference, the parties filed a stipulation for the entry of a permanent injunction pursuant to Federal Rule of Civil Procedure 65 and the dismissal of all remaining claims pursuant to Federal Rule of Procedure 41(a)(1)(A)(ii).

The Court notes that, Rule 15, which governs the amendment of pleadings, not Rule 41(a)(1), is the proper vehicle by which to dismiss individual claims against a defendant. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687–88 (9th Cir. 2005). Accordingly, the Court finds it appropriate to construe the parties' stipulation as consent to amend the complaint pursuant to Rule 15. *See id.* at 689 ("The fact that a voluntary dismissal of a claim

1 under Rule 41(a) is properly labeled an amendment under Rule 15 is a technical, not a substantive

2 distinction.") (quoting *Nilssen v. Motorola, Inc.*, 203 F.3d 782, 784 (Fed. Cir. 2000)).[1]  Under

3 Rule 15, courts should freely grant leave to amend absent "undue delay, bad faith or dilatory

4 motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

5 allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or]

6 futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The Court finds no reason in

7 this case to deny leave to amend the complaint.

8     Accordingly,

9     1. Pursuant to the parties' stipulation and Federal Rule of Civil Procedure 15, the

10         complaint is amended to dismiss counts one and three;[2]

11     2. Pursuant to the parties' stipulation, the Court finds the following:

12         a. Defendants dispensed substantial quantities of controlled substances to an

13            individual, Joe Bernal, despite circumstances that were highly suggestive

14            that Mr. Bernal was not presenting them with legitimate prescriptions;

15         b. Defendants took no steps to determine the validity of Mr. Bernal's

16            purported prescriptions and were not concerned if the medications he

17            dispensed caused patient harm;

18         c. Defendants dispensed at least the following quantities of controlled

19            substances, based on Mr. Bernal's invalid prescriptions:

20 ///

21 ///

22 ///

23

---

[1] Technically, because the scheduling order's deadline to amend the pleadings has passed, (*see* ECF No. 35 at 2), the parties must also demonstrate good cause for the amendment pursuant to Rule 16(b). *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). The agreement of the parties to a resolution of this case contingent on dismissal of certain claims satisfies the Court that good cause exists. *See Vanguard Logistics Servs. (USA), Inc. v. Groupage Servs of New England, LLC*, No. CV 18-517 DSF (GJSx), 2021 WL 4520969 (C.D. Cal. Jan. 4, 2021) ("Because it would be illogical to deny leave to dismiss claims a party no longer wishes to pursue, the Court proceeds to the Rule 15 analysis.").

[2] The Court previously dismissed count two with prejudice in response to Defendants' March 12, 2021 motion to dismiss.  (ECF No. 27 at 22.)

| Name | Dose | Quantity of Pills |
|---|---|---|
| Oxycodone | 30mg | 52,530 |
| Hydrocodone | 325mg | 51,980 |
| Methadone | 10mg | 6,480 |
| Diazepam | 10mg | 5,220 |
|  | 5mg | 120 |
| **Total** |  | 116,330 |

    d.    Defendants knew or deliberately ignored that they were dispensing controlled substances pursuant to prescriptions that were either not issued in the usual course of professional treatment, or were not for a legitimate medical purpose, or both.

3.    Pursuant to 28 U.S.C. § 1345, 21 U.S.C. § 843(f)(3), and Federal Rule of Civil Procedure 65, the Court enters a permanent injunction enjoining Defendants from, directly or indirectly:

    a.    Dispensing, or assisting in dispensing, any controlled substance;

    b.    Having an ownership interest in an entity that is in the business of dispensing controlled substances or advising, assisting, counseling, or instructing any business that dispenses controlled substances;

    c.    Employing any person who dispenses, or assists in dispensing, any prescription for a controlled substance for any person; or

    d.    Providing office space, equipment, or services for, or in any other way facilitating, the work of any person or entity that is in the business of dispensing controlled substances.

///
///
///
///

3

4. The Court retains jurisdiction over this action for the purpose of enforcing the terms of the injunction entered against Defendants.

IT IS SO ORDERED.

Dated:   November 14, 2023

_____
UNITED STATES DISTRICT JUDGE